# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| HENRY WILLIAM TELLES, | CASE NO. 1:10-cv-00982-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH THIRTY (30) DAYS LEAVE TO AMEND** |
| v. | |
| CITY OF WATERFORD, et al., | |
| Defendants. | (Docket No. 1) |
| _____/ | |

## I. INTRODUCTION

On June 2, 2010, Plaintiff Henry William Telles ("Plaintiff") filed a complaint against Defendants City of Waterford, County of Stanislaus, "Waterford Police Officers," "Stanislaus County Sheriffs Deputies," and police officers Dennis Cordova, John Purch, Robert Fisher, Dan Bilbray, Mark Nunos, Braley, Paris, Heilman, Hinkle, Matos, Jenkins, and Kirkbridge ("Defendants") alleging violations of 42 U.S.C. §§ 1983, 1985, and claims for malicious prosecution, negligence, intentional infliction of emotional distress, defamation, conspiracy, "inadequate supervision and training," and harassment. (Doc. 1.)

The basic allegations of Plaintiff's complaint relate to alleged mistreatment he has suffered from 1994 through 2010 at the hands of police officers employed by the City of Waterford and deputy sheriffs employed by the County of Stanislaus.

## II. DISCUSSION

### A. Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B. Failure to State a Claim

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

### C. Analysis

#### 1. Section 1983 Claims for Civil Rights Violations

Section 1983 creates a cause of action against any person who, acting under color of state law, violates the constitutional rights of another person. 42 U.S.C. § 1983. To state a Section 1983

2

claim a plaintiff must allege facts indicating that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) the conduct deprived him or her of a constitutional right. *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### i.  Malicious Prosecution

To state a Section 1983 claim for malicious prosecution, a plaintiff must allege the elements of a state law malicious prosecution claim and establish that the prosecution was conducted for the purpose of denying the plaintiff a specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987). Under California law, to state a claim for malicious prosecution, Plaintiff must show that the proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with malice. *Womack v. Cnty. of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989).

Plaintiff alleges generally that he has been "harassed or prosecuted in [Stanislaus County] in various proceedings, for which he has either been acquitted or [the] charges [against him] have been dismissed, in [all] but 2 cases." (Complaint ("Compl.") ¶ 11.) Plaintiff lists incidents that have occurred since 1994, but provides little detail regarding the various prosecutions he attempts to document. For example, on March 21, 1994, Plaintiff states that he was arrested for violation of California Penal Code § 60, and there was an associated court case number of M990005L. (Compl. ¶ 5.) Plaintiff also lists the following events related to criminal prosecutions against him: (1) he was arrested in a case numbered M278802, which was subsequently dismissed, (2) he was arrested on September 27, 1994, for violations of California Penal Code § 148, (3) on June 9, 1995, he was again arrested for violations of California Penal Code § 148 which culminated in a trial by jury, and he was acquitted of the charges against him, (4) on May 3, 2001, he was acquitted after a trial by jury for alleged violations of Penal Code §§ 273 and 245, and (5) he was arrested for other asserted violations of the Penal Code on August 26 and 27, 2003, January 6, 2004, February 28, 2004, April 29, 2005, May 2, 2005, and April 3, 2009. (*Id.*) The complaint provides no more factual detail related to these various events.

Plaintiff asserts that "Defendants have acted without [p]robable [c]ause in initiating and participating in the prosecutions of Plaintiff." (Compl. ¶ 12.) Plaintiff also asserts that "Defendants acted maliciously in instigating and participating in the criminal prosecutions of Plaintiff, in that Defendants had an improper motive and purpose, and/or a desire to wrong Plaintiff." (Compl. ¶ 13.) Finally, Plaintiff asserts that Defendants' actions caused him the deprivation of his liberty, invasion of his privacy, and a loss of business income. (Compl. ¶ 14.)

There are several deficiencies with regard to Plaintiff's malicious prosecution claim. To the extent that Plaintiff is attempting to state a malicious prosecution claim under Section 1983, there are no facts showing a deprivation of rights secured by the Constitution or laws of the United States. Plaintiff states that the allegedly malicious prosecutions deprived him of liberty, but this bare allegation unsupported by any facts is not sufficient to state a deprivation of constitutional rights. In general, malicious prosecution does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs. *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981). However, an exception exists where a malicious prosecution is conducted with the intent to distort or corrupt the process of the law. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). For example, in both *Cline* and *Bretz*, the allegations indicated a conspiracy among government prosecutors, police officers, and potential witnesses that was aimed at denying those plaintiffs fair trials. The defendants in *Cline* and *Bretz* were alleged not just to have commenced a malicious prosecution, but were alleged to have attempted to corrupt the actual trial process. The allegations of the complaint do not indicate how any defendant attempted to deny Plaintiff his right to a fair trial as was the case in *Cline* and *Bretz*.

Second, there are no allegations regarding which defendants were responsible for commencing a prosecution against Plaintiff. There are also no facts indicating a lack of probable cause for the charges against Plaintiff or that any prosecution commenced was due to malice on the part of any defendant. Plaintiff provides legal conclusions such as "Defendants have acted without [p]robable [c]ause in initiating and participating in the prosecutions of Plaintiff," and that

4

"Defendants acted maliciously in instigating and participating in the criminal prosecutions of Plaintiff." These are legal conclusions, not factual allegations. Legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1940. There must be sufficient detailed factual allegations to show that the claim is plausible on its face, and here there are not. *Id.*

Third, although Plaintiff claims that he was acquitted after jury trials on June 9, 1995, and May 3, 2001, no details regarding those prosecutions are pled. (Compl. ¶ 5.) Additionally, the Court notes that there are applicable statutes of limitations that may apply. For example, Section 1983 claims are subject to a two-year statute of limitations in California. Cal. Civ. Proc. Code § 335.1; *see Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Likewise, a state law tort claim for malicious prosecution is also subject to a two-year statute of limitations. *Stavropoulos v. Super. Ct.*, 141 Cal. App. 4th 190, 197 (2006) (holding that legislature "intended the two-year limitations period set forth in section 335.1 to apply to malicious prosecution actions"). While these statutes of limitations may be subject to tolling on various grounds such that the time for filing a claim could be extended, Plaintiff is informed that conduct occurring beyond the statutes of limitations may not be actionable.

           **ii.**    *Monell* **Claims Against Stanislaus County and the City of Waterford**

A municipality is considered a "person" under Section 1983 and may be liable for causing a constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1992); *Long*, 442 F.3d at 1185. A municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents, however. *Monell*, 436 U.S. at 694. It is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible. *Id.* "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long*, 442 F.3d at 1185 (internal quotation marks and citations omitted).

It appears that Plaintiff's third and seventh causes of action attempt to state a Section 1983 under *Monell* against Stanislaus County and the City of Waterford. Plaintiff's third cause of action (Compl. ¶¶ 16-19) is for "negligence." Plaintiff alleges that Defendants collectively "negligently controlled, managed, operated, trained, supervised, and oversaw the operations of the City of

1  Waterford, Waterford Police Department, Stanislaus County and Stanislaus County Sheriffs
2  Department and individual officers, so as to proximately cause damage to Plaintiff." (Compl. ¶ 17.)
3  In Plaintiff's seventh cause of action (Comp. ¶¶ 37-65) for "inadequate supervision, training &
4  control," he asserts that "[t]he City of Waterford or the County of Stanislaus permitted a systematic
5  pattern of conduct which allowed and even rewarded officer conduct which demonstrated unfettered
6  police power, above the law without justification." (Compl. ¶ 39.)

7      To state a claim for municipal liability for the failure to protect an individual's constitutional
8  rights, the plaintiff must establish facts indicating the following: (1) the plaintiff possessed a
9  constitutional right, of which he was deprived, (2) the municipality had a policy, (3) the municipal
10 policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the municipal
11 policy is a moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474
12 (9th Cir. 1992).

13     Here, Plaintiff only gives vague details as to the nature of civil rights violations that he claims
14 to have experienced.  For example, he alleges some facts related to a demonstration in which he
15 participated at some point in 1994 or 1995 after which he was arrested.  Plaintiff states that all
16 Defendants worked in concert to deprive him of many of his constitutional rights including that they
17 caused him to be subject to an unlawful arrest without a warrant or without probable cause and
18 unreasonably searched his property.  Without any particular dates on which the particular alleged
19 conduct occurred, the identity of the individuals involved, or factual allegations that present more
20 than legal conclusions such as Defendants violated "Plaintiff's right of assembly," Plaintiff has not
21 adequately set forth a Section 1983 claim.  Beyond stating that the City of Waterford and the County
22 of Stanislaus failed to train and supervise their police officers, there are so few details pled it is
23 difficult to understand how the officers were untrained or unsupervised.  The essence of Plaintiff's
24 claim seems to be that, because he has been repeatedly "harassed" and his civil rights violated by
25 police officers, it evidences a pattern of a lack of training or supervision of those officers.  (*See, e.g.*,
26 Compl. ¶ 13 ("Clearly, for the duration of 16 [and a half] years, Law Enforcement Officers have
27 harassed or arrested Plaintiff [Henry William Telles] a total of 200 times, while convicting Plaintiff
28 on solely 2 occasions.  This equates to <u>AN ARREST OR HARRASSMENT [sic] EVERY 27 DAYS</u>

FOR 16 [and a half] YEARS.").) However, there are simply no details furnished about any particular incident that indicate how Plaintiff's rights were violated. While detailed factual allegations are not required, a claim must set forth sufficient factual content that allows the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940. There must be something more than a conclusory allegation stating that the police officers have repeatedly violated Plaintiff's civil rights. Plaintiff provides a long list of dates when he was "harassed," but provides no details other than that one-word conclusion. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). To sufficiently state a claim under *Monell*, Plaintiff must allege facts establishing a policy by the municipality or establishing a lack of training of the officers. It is not enough simply to state that there is a policy or allege that officers are not properly trained or supervised. There must be facts showing the plausibility of those statements.

### iii. Section 1983 Claims Against Individual Police Officers

The complaint repeatedly states legal conclusions such as that all the defendants in concert violated Plaintiff's constitutional rights. The complaint does not state which police officers were involved in which events, and there are very few details pled regarding any individual event. The Court finds it implausible that all twelve individual police officers or deputy sheriffs were involved in each incident between 1994 and 2010 where Plaintiff states he was harassed. As to the events that occurred or the conduct of any police officer, Plaintiff presents a list of dates and "events" that occurred on each date, but much of this list simply states that Plaintiff was "harassed." (*See* Compl. ¶ 5.) This does not put any defendant on notice of the claims against him. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1940. The allegations of the complaint are simply insufficient to state a Section 1983 claim against any individual police officer. Plaintiff must plead the facts of an event or events, identify the participants in the event, explain the conduct of the participants during that event, and state the constitutional deprivation suffered as a result of the conduct. Here, Plaintiff only presents legal conclusions about the constitutional deprivations he has suffered without any factual allegations surrounding specific events or occurrences that would allow the Court to infer that a Section 1983

claim against any of the individual officers is plausible on its face. *See id.*

    **iv. Defamation Claim**

"Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000). "There can be no recovery for defamation without a falsehood. Thus, to state a defamation claim that survives a First Amendment challenge, Plaintiff must present evidence of a statement of fact that is *provably false*. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990) (citation omitted).

Here, Plaintiff has not identified who published false facts about him, when the alleged publications occurred, or the content of the allegedly false publications. While detailed allegations are not required, there must be more than an allegation that Defendants "caused to be published defamatory material about Plaintiff." (Compl. ¶26.) This is simply a legal conclusion, and legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1940. Although Plaintiff references "above-described defamatory statements," there is nothing in the preceding paragraphs that indicates the nature of the statements, who spoke or wrote the statements, and when those statements were published. For example, Plaintiff states that an "[i]naccurate and incorrect story [was] released in [the] local newspaper" on July 30, 1996. This provides none of the factual details necessary to support a plausible claim for relief. Plaintiff's claim for defamation is insufficient.

Further, to the extent that Plaintiff is attempting to state a defamation claim under Section 1983, i.e., a defamation-plus claim, that claim is deficient as well.

Simply because a statement is defamatory does not mean that it rises to the level of a constitutional tort. *See Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986). In order for a tort such as defamation "to achieve constitutional import, there must be a deprivation of a protected interest." *Id.* The deprivation of a constitutionally protected interest is the "plus" portion of a Section 1983 defamation-plus claim. The plus part of the test can be met by showing "either the denial of a right specifically secured by the Bill of Rights (such as the right to free speech or counsel), or the denial of a state-created property or liberty interest such that the Fourteenth

Amendment's Due Process Clause is violated." *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991).

Here, in addition to the fact that Plaintiff's complaint does not identify which defendants were responsible for allegedly publishing false facts about him, when the false facts were published, or the content of the publications, Plaintiff does not provide any facts establishing how the defamation caused a deprivation of his constitutional rights. Although Plaintiff indicates that he suffered a loss of reputation as a result of the defamation, reputation is not a liberty or property interest protected by the Constitution. *See id.* at 1533-34. To the extent that Plaintiff is attempting to state a defamation-plus claim under Section 1983, it is insufficient.

### 2. Section 1985 Conspiracy Claims

#### i. Section 1985(3) Claim

Section 1985(3) prohibits conspiracies for the purpose of depriving other persons of equal protection of the laws and conspiracies to intimidate any citizen from giving his support toward an elected official. "To state a cause of action under [§] 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffen v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffen*, 403 U.S. at 102. Plaintiff does not allege that there was any racial or class-based discriminatory animus behind Defendants' actions. Accordingly, Plaintiff fails to state a claim under Section 1985(3).

#### ii. Section 1985(2) Claim

Section 1985(2) contains two clauses. The first clause, prohibiting any conspiracy to intimidate or injury any party, witness or juror in a federal judicial proceeding, has no application here based on Plaintiff's allegations. Plaintiff's Section 1985(2) claim is only cognizable under the second clause of that provision, which prohibits any conspiracy to impede justice in a state court.

9

The Ninth Circuit has held that claims under Section 1985(2) require the element of class-based animus. *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982). As with Plaintiff's Section 1985(3) claim, he does not allege that there was any racial or class-based discriminatory animus behind Defendants' actions. Accordingly, Plaintiff has not stated a claim under Section 1985(2).

### 3. Claim for Intentional Infliction of Emotional Distress

Under California law, a prima facie case of intentional infliction of emotional distress requires the following: (1) extreme and outrageous conduct by the defendant, (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress, (3) the plaintiff's suffering severe or extreme emotional distress, and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *See Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991).

Plaintiff claims that Defendants' aggregate conduct since 1994 has caused him mental anguish and emotional distress. (Compl. ¶ 21.) However, as with Plaintiff's other claims, he does not identify which Defendants participated in what events that led to his emotional distress. Plaintiff has attempted to allege that the sheer volume of his interactions with law enforcement indicates outrageous conduct. However, there are no factual allegations other than Plaintiff's legal conclusions such as "Defendants' conduct, and each of them, as described above, was intentional and malicious and done for the purpose of causing Plaintiff to suffer mental anguish, and emotional and physical distress." (Compl. ¶ 21.) Plaintiff's allegation that he was "harassed" next to a series of dates does not provide the Court with any adequate factual basis to understand how the officer's conduct was extreme and outrageous. Plaintiff's claim is insufficiently pled.

### D. Guidelines for an Amended Complaint

Plaintiff is reminded that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers*

*& Lybrand*, 664 F.2d 811, 814 (9th Cir. 1981)). In his amended complaint Plaintiff may not attempt to add any new claims. Any attempt to do so will result in the Court striking the pleading or a portion thereof.

Accordingly, Plaintiff's complaint is DISMISSED, and he is GRANTED thirty (30) days LEAVE TO AMEND.

IT IS SO ORDERED.

**Dated:   December 17, 2010**                /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE