1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY WILLIAM TELLES, SR.,** ) | **CIV 1:10-CV-0982 AWI SKO** |
| ) | |
| **Plaintiff,** ) | **ORDER ON DEFENDANTS'** |
| ) | **MOTION TO DISMISS** |
| **v.** ) | **PLAINTIFF'S "SECOND** |
| ) | **AMENDED COMPLAINT"** |
| **CITY OF WATERFORD, COUNTY OF** ) | |
| **STANISLAUS, STANISLAUS COUNTY** ) | |
| **SHERIFF'S DEPARTMENT, OFFICER** ) | |
| **DENNIS CORDOVA, in his individual** ) | |
| **and official capacities, JOHN PURCH,** ) | |
| **in his individual and official capacities,** ) | |
| **ROBERT FISHER, in his individual and** ) | |
| **official capacities, DAN BILBRAY, in his** ) | |
| **individual and official capacities,** ) | |
| **OFFICERS NUNOS, BRALEY,** ) | |
| **HEILMAN, HINKLE, MATOS,** ) | Doc. #'s 21 and 22 |
| **JENKINS and KIRKBRIDGE, and** ) | |
| **DOES 1-50,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This is an action for damages pursuant to 42 U.S.C. § 1983 by plaintiff *in pro per* Henry Telles, Sr. ("Plaintiff") against the City of Waterford, the County of Stanislaus, the Stanislaus County Sheriff's Department and a number of individual defendants in their official and individual capacities (collectively, "Defendants"). Plaintiff's claims arise out of a number of interactions between Plaintiff and law enforcement personnel spanning a period of time from 1994 to 2010. Currently before the court are two motions to dismiss; the first filed by Defendant City of Waterford on July 15, 2011, and the second filed on July 18, 2011, by Defendant County of Stanislaus and the individual Defendants. For the reasons that follow, Defendants' motions to

1   dismiss will be granted.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

2   Venue is proper in this court.

3                    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

4            Plaintiff filed his original complaint on June 2, 2010.  Because Plaintiff moved to proceed

5   *in forma pauperis*, Plaintiff's original complaint was screened by the Magistrate Judge pursuant

6   to 28 U.S.C. § 1915(e)(2).  After review, the Magistrate Judge dismissed Plaintiff's complaint in

7   its entirety with leave to amend.  A first amended pleading, improvidently titled "Second

8   Amended Complaint," was filed on March 4, 2011.  Since Defendants have referred to Plaintiff's

9   amended pleading as the Second Amended Complaint, the court will continue in that reference

10  noting that no first amended complaint was ever filed.  Hereinafter, Plaintiff's currently-operative

11  amended pleading is referred to as Plaintiff's Second Amended Complaint ("SAC").

12           Plaintiff's SAC is a mess.  The basic allegation contained in Plaintiff's SAC is that since

13  1993, Plaintiff has suffered upwards of "200 episodes of deprivations" at the hands of law

14  enforcement personnel.  Some are alleged as harassment, some as stops and searches or stops and

15  brief detentions, some were arrests, some were arrests followed by trials, but only two are alleged

16  to have resulted in arrest, trial and conviction.  Inserted in the middle of Plaintiff's complaint is a

17  6-page "Exhibit A" that lists approximately 103 dates which are sometimes accompanied by a

18  name or names, sometimes with a penal code designation and occasionally are accompanied by a

19  brief, general description of what happened.  Plaintiff's complaint also describes a total of 6

20  "episodes" that appear to be presented as illustrative examples of the much larger number of

21  events that Plaintiff alleges constituted violation of his constitutionally guaranteed rights under

22  the Fourth Amendment.  The most recent of these episodes is alleged to have occurred on

23  October 11, 2008, and the most distant on October 29, 1993.

24           In between the fourth and fifth "episodes," Plaintiff's SAC alleges five "Counts" plus

25  what appears to be one allegation of violation of rights secured under the Fourth Amendment in

26  violation of 42 U.S.C. § 1983.  Each of the "Counts," so far as the court can determine, are

27

28                                                2

alleged against Defendant County of Stanislaus.  It is not possible to tell from the SAC whether Plaintiff is attempting to allege claims for relief under California common law under the "Counts" or whether he is attempting to allege liability against the County Defendant for failure to supervise or train or whether there is some other purpose.

Defendant City of Waterford filed its motion to dismiss on July 15, 2011; the individual Defendants and Defendant County of Stanislaus filed their motion to dismiss on July 18, 2011. Plaintiff's opposition to the motions to dismiss was filed on August 12, 2011.  Defendant City of Waterford filed its reply to Plaintiff's opposition on August 22, 2011.  The individual Defendants and Defendant County of Stanislaus filed their reply on August 23, 2011.  The court vacated the scheduled hearing date of August 29, 2011, and took the matter under submission as of that date.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in <u>Iqbal</u> for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 970 (9th Cir. 2009) (quoting <u>Iqbal</u>, 129 S.Ct. at 1950).

## DISCUSSION

The parties assert a number of defenses against Plaintiff's claims.  The two most compelling from the court's point of view are that the relevant statute of limitations bars Plaintiff's federal and state claims that arise out of any occurrence prior to June 2, 2008, and that Plaintiff has failed to adequately allege any constitutional infringement occurring after that date. The court finds merit in both arguments.

## I.  Statute of Limitations

Because 42 U.S.C. § contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in section 1983 suits.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997).  The Ninth Circuit has consistently held that the limitations period for an action pursuant to section 1983 is contained in California's general personal injury statute.  <u>See</u> <u>McDougal v. County of Imperial</u>, 942 F.3d 668, 672 (9th Cir. 1991).  California's general personal injury statute is set forth at California Code of Civil Procedure, section 335.1 and provides a limitations period of 2 years.  <u>See</u> <u>Thompson v. City of Shasta Lake</u>, 314 F.Supp.2d 1017, 1023-1024 (E.D. Cal. 2004 (discussing applicability of California's general residual statute of limitations to actions pursuant to section 1983).

Plaintiff asks that the court extend his claims to events that occurred outside the statutory

period based on the theory of continuing violation.  While it appears to be Plaintiff's belief that application of the doctrine of continuing violation in the context of civil rights litigation would be something novel, the fact is that the parameters for inclusion of events that lie outside the statutory period in a civil rights action is well established.  In Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) ("Morgan"), the Supreme Court held, in the context of an action under Title VII of the Civil Rights Act of 1964, that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113.  The same holding has been applied to actions pursuant to 42 U.S.C. § 1983.  See Carpentiera Valley Farms v. County of Santa Barbara, 344 F.3d 822, 828-829 (9th Cir. 2003) ("Although Morgan was a Title VII case and the present case is a § 1983 action, we have applied Morgan to bar § 1983 claims predicated on discrete time-barred acts, not-withstanding that those acts are related to timely-filed claims").

Morgan confined the doctrine of continuing violation to situations where the act complained of "is composed of a series of separate acts that collectively constitute" a single unlawful act.  536 U.S. at 117.  To the extent Plaintiff has alleged any violation of rights arising under United States Constitution or laws, the violations alleged cannot be viewed as being anything other than discrete occurrences.  Even giving full effect to Plaintiff's claim that he has suffered 200 encounters since 1993, and even assuming each encounter would have been actionable, Plaintiff would have had just slightly more than one encounter with police per month.  Such an allegation, even if proven, does not constitute evidence of a series of acts that, taken together, constitute one continuous unlawful act.  To state the matter another way, Plaintiff has alleged that he suffered an abridgment of his constitutional right against unreasonable search and seizure on each of 200 occasions over a 13 year period.  If the court accepts this to be true, then each of those instances are a separately actionable basis for relief and the continuing violation doctrine does not apply.  The same is true if some encounters with police were lawful and some

1    were not.  It follows that the nature of encounters with law enforcement is such that a given

2    encounter is either lawful or not lawful.  Encounters with police that are individually lawful do

3    no become unlawful simply because there are many of them over time.  It follows that each

4    encounter between an individual and police is either separately actionable within the statutory

5    period or is not actionable at all.  The court finds the continuing violation doctrine does not apply

6    to make actionable those encounters between Plaintiff and police officials that occurred before

7    June 27, 2008.

8    **II.  Failure to State Facts Sufficient to Sustain a Claim for Relief**

9          So far as the court can discern from the SAC, Plaintiff has alleged only one encounter that

10   occurred later than June 27, 2008.  With regard to what the SAC refers to as "Episode Number

11   6," Plaintiff alleges:

12           On October 11, 2008, two officers stopped by [Plaintiff's] residence, inquiring of
             the whereabouts of a male named, "JOE." [Plaintiff] was not at home, in fact, the
13           only persons there at [Plaintiff's] residence were two underaged females.  Then
             one officer returned, and came to the door, and again inquired, "Where is Joe?"
14           Again, the two young girls went to the front door, whereupon Officer Mitchell
             tried to and eventually did squeeze his foot in the door so that he could enter, the
15           girls said they were NOT allowed to let anyone in the residence, but the Officer
             insisted and even stated, "I will not leave until you tell me where JOE is."
16
             What is disturbing is that the Officer KNEW the only persons at [Plaintiff's]
17           residence were a 16 year-old and a 10 year-old, yet found a way to intimidate
             these two while securing entrance into the home when he knew he did not possess
18           a search warrant, no consent nor could he establish an Exigent circumstance, thus
             he further harassed Hannah.  Officers violated [Plaintiff's] rights without thought
19           he had done anything that was wrong in any way. [Plaintiff] has this captured on
             videotape, and 7 other instances which are pertinent to this case and shall be
20           introduced at the appropriate time and place to solidify the accuracy of Plaintiff's
             statements and the deceptiveness of Officers [sic] claims.
21
22   Doc. # 9 at ¶¶ 60, 61.

23         The court presumes that Plaintiff intends that what he references as "Episode Number 6"

24   states the factual basis for a claim for unlawful search or seizure under the Fourth Amendment.

25   Plaintiff's intended claim fails for the obvious reason that there is no allegation that anything was

26   searched or that anything or anyone was seized.  The only persons who might plausibly be able to

27   assert there was some sort of search or seizure are the two minors, but Plaintiff has not sued on

28                                                    6

their behalf.  To the extent it is or was Plaintiff's intent to state a claim for relief under some other legal theory, there is no indication in Plaintiff's SAC what that theory might be.

The court also notes that Defendants have interpreted Plaintiff's SAC as possibly attempting to assert tort claims against the city and entity Defendants.  The court observes that there is nothing in Plaintiff's SAC from which it could be inferred that Plaintiff has met the requirements imposed by California's Tort Claims Act ("CTCA").  Primary among the requirements of the CTCA is the requirement that a person seeking money damages against a governmental entity must file a claim with the public entity.  Cal. Gov. Code, § 905, 945.4; see Dalton v. East Bay Utility Dist., 18 Cal.App.4th 1566, 1571 (1st Dist. 1993) ("As a general rule, California law requires that all claims for money or damages against a local public entity must first be filed with the entity as a 'condition precedent to the maintenance of the action.'") Where the damages are due to the death of, or injury to, a person, the claim must be filed within six months of the claim's accrual.  Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1021 (C.D. Cal. 2000).

Again, it is not possible to tell from the SAC precisely what legal theory is being asserted with respect to Plaintiff's Episode Number 6.  The court has mentioned two possible interpretations of the SAC in a good faith effort to cover the possible legal bases that the court feels are most probable.  The bottom line is that Plaintiff is time-barred from asserting any claims for relief that accrued prior to June 27, 2008.  The only set of facts that Plaintiff has alleged that occurred after that date fail to state a claim for which relief can be granted under any apparent legal theory.  Plaintiff's SAC will therefore be dismissed as to all claims and all Defendants. Leave to amend will be granted.

THEREFORE, it is hereby ORDERED that Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED.  Plaintiff's "Second Amended Complaint" is hereby DISMISSED in its entirety as to all Defendants.  Leave to amend

is GRANTED.  Any amended pleading shall be filed and served not later than twenty-one (21) days from the date of filing of this order.

IT IS SO ORDERED.

Dated:     October 4, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE